IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRANDON KELLUM,

        Plaintiff,

v.

CASEY GOODWIN, *et al.*,

        Defendants.

Case No. 18-cv-715-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on two motions filed by Plaintiff Brandon Kellum. Specifically, Kellum filed a motion for leave to file a second amended complaint (Doc. 128), in which he seeks to re-allege previously dismissed claims. Defendants have filed a response (Doc. 129) in opposition to that motion, and Kellum has filed a reply (Doc. 131). Kellum also filed a motion to extend discovery, requesting additional time to conduct discovery on his newly added claims (Doc. 127).

    **A. Motion to Amend (Doc. 128)**

Kellum's motion to amend (Doc. 128) seeks to re-allege two previously dismissed claims. He seeks to re-allege a Fourteenth Amendment due process claim against Marcus Meyers and Charles W. Heck. He also seeks to re-allege an Eighth Amendment and/or Fourteenth Amendment due process claim against Counselor Selby, John Baldwin, Jacqueline Lashbrook, and Pinckneyville Correctional Center's Records Office Staff ("Pinckneyville").

The following claims currently remain in the case:

**Count 1**: Plaintiff alleges that Casey Goodwin violated his Eighth Amendment rights because Goodwin told other inmates Plaintiff was a snitch which caused Plaintiff to be threatened by other inmates and assaulted by Inmate Jones;

**Count 2**: Plaintiff alleges Charles Pearce, Terri Chapman, Tyler Shurtz, Jacqueline Lashbrook, Lieutenant Furlow, Major Cleland, and Keith Bennett violated his Eighth Amendment rights by failing to protect Plaintiff from a substantial risk of serious harm due to threats Plaintiff received from other inmates;

**Count 3**: Plaintiff alleges that Charles Pearce and Tyler Shurtz violated his Eighth Amendment rights by exhibiting deliberate indifference to his medical needs;

**Count 4**: Plaintiff alleges that Charles Pearce violated his Eighth Amendment rights by failing to protect Plaintiff from a substantial risk of serious harm due to extremely hot conditions of his segregation cell; and

**Count 5**: Plaintiff alleges that Charles Pearce violated his First Amendment rights by threatening to assign him to a cell with an inmate who would "beat his ass" if he continued to complain about the conditions of his cell.

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a). Because Kellum has already filed an Amended Complaint (Doc. 35), he must now seek to amend his Complaint pursuant to Rule 15 (a)(2), which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further states that amendments should be freely granted "when justice so requires."

The decision to grant a plaintiff leave to further amend a compliant under Rule

15(a)(2) is within the sound discretion of the Court. *Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2007); *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). Leave to amend, however, may be denied for several reasons including: "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…[and the] futility of the amendment." *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 687 (7th Cir. 2004); *Guide v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

   1. *Claims against Meyers and Heck*

Kellum first seeks to re-allege a Fourteenth Amendment due process claim[1] against Marcus A. Meyers and Charles W. Heck. The claim was dismissed in the Court's original threshold Order because he failed to allege that any of his due process rights were violated (Doc. 8, p. 12). Kellum sought to cure those errors in his First Amended Complaint, which does include a number of the same allegations as his proposed Second Amended Complaint. But the magistrate judge reviewing the First Amended Complaint did not address the re-alleged due process claim, instead focusing on Kellum's proposed due process claim against Counselor Jarrod Selby, John Baldwin, Jacqueline Lashbrook, and John/Jane Does from the Pinckneyville Records Department. Kellum asked the Court to address those amended claims in a motion to reconsider (Doc. 48), but the motion was summarily denied (Doc. 49).

---

[1] Although Kellum states that this claim arises under both the Eighth and Fourteenth Amendments, his Second Amended Complaint alleges a due process claim which arises under the Fourteenth Amendment.

In any event, Kellum has added a number of factual allegations that the Court finds state a due process claim against Meyers and Heck. Kellum's Second Amended Complaint alleges that they had no evidence to support the findings of guilt and that the disciplinary reports were later overturned due to that lack of evidence. He also alleges that he served four months in segregation and has added a number of conditions that he faced in segregation which were absent from his First Amended Complaint. Accordingly, the Court finds that he may proceed on his due process claim against Meyers and Heck.

   *2. Claims against Selby, Baldwin, Lashbrook, and Records Department*

Kellum next seeks to re-allege his claim against Counselor Jarrod Selby, John Baldwin, Jacqueline Lashbrook, and the Pinckneyville Records Department for failing to correct his wrongful confinement in segregation after his disciplinary reports were overturned. Magistrate Judge Beatty denied Kellum's request to add a due process claim against these defendants in his First Amended Complaint because he failed to allege that the conditions he experienced in segregation amounted to an atypical and significant hardship (Doc. 34, pp. 6-7).

Although Kellum states in his motion that he seeks to re-allege a due process claim, the allegations in his Second Amended Complaint allege that these defendants both violated his due process rights and were deliberately indifferent under the Eighth Amendment to his continued stay in segregation (Second Amended Complaint, pp. 20, 23, 26, 28-29). He alleges that he informed Lashbrook and Selby on a number of occasions that he was supposed to be released but they failed to release him (*Id.* at p. 19). He also alleges a number of conditions he experienced in segregation that may amount to an atypical and significant hardship. Thus, the Court now finds that Kellum states a

deliberate indifference and due process claim as to Jacqueline Lashbrook and Jarrod Selby for keeping him in segregation after his disciplinary reports were overturned.

As to John Baldwin, however, Kellum includes only conclusory statements that he was deliberately indifferent in keeping him in segregation, which is not enough. He fails to allege that he informed Baldwin—or that Baldwin was aware—that Kellum was in segregation after the disciplinary reports were overturned. In fact, the allegations indicate that Baldwin overturned his disciplinary ticket (*Id*. at p. 18). Accordingly, John Baldwin is **DISMISSED without prejudice**.

Kellum also fails to state a claim against the Pinckneyville Records Office Staff. He has identified a group of individuals as a defendant, which is improper. To state a Section 1983 claim against an individual or entity, Kellum must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).[2] Kellum's allegations do not identify the number of individuals in the records office or the individual who sent the notice indicating that his disciplinary report was not overturned. Accordingly, the claims against the Pinckneyville Records Office Staff are **DISMISSED without prejudice**.

For the reasons stated above, the Court **GRANTS in part** the motion to amend. The following counts are added to the case:

**Count 6:** Plaintiff alleges that Marcus A. Meyers and Charles W. Heck violated his due process rights under the Fourteenth Amendment when they found him guilty on a disciplinary report with no evidence.

---

[2] Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing FED. R. CIV. P. 4(e)-(j)).

**Count 7:** Plaintiff alleges that Jacqueline Lashbrook and Jarrod Selby were deliberately indifferent under the Eighth Amendment when they kept him in segregation after the disciplinary report was overturned.

**Count 8:** Plaintiff alleges that Jacqueline Lashbrook and Jarrod Selby violated his due process rights under the Fourteenth Amendment when they kept him in segregation after the disciplinary report was overturned.

Accordingly, the Clerk is **DIRECTED** to **FILE** the Second Amended Complaint, **ADD** Marcus A. Meyers, Charles W. Heck, and Jarrod Selby to the docket,[3] and **SERVE** them in accordance with the Court's threshold Order (Doc. 8).

### B. Motion to Extend Discovery (Doc. 127)

Kellum also requests to extend discovery in light of the newly added claims. The Court **GRANTS** the motion and extends the discovery deadline to **September 1, 2020**. Dispositive motions are now due **October 2, 2020**.

**IT IS SO ORDERED.**

**DATED:** April 9, 2020

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[3] Jacqueline Lashbrook was already a defendant on the docket.